### SPRIGG vs BOISSIER & WIFE.

The wife is not bound by a note executed jointly with her husband, even in the hands of an endorser: and when it was given for property, bo't by the husband during the marriage.

APPEAL from the court of the fifth district.

PORTER, J. delivered the opinion of the court. This action was instituted by the endorsee of a promissory note, against the defendants, makers thereof.

There was judgment in the district court against the husband and in favor of the wife. The plaintiff appealed, and has complained of that part of it, which exonerated the latter from responsibility.

The note is in the usual form of negotiable paper, it is joint and several, and it is shewn by the evidence, that it was given in payment of property purchased by the husband.

The contract therefore did not bind the wife, she was in reality nothing but surety, and we have held that the prohibition against her entering into such contract, could not be avoid-

ed, by giving to the agreement the form of an obligation *in solido. Vol. 2, 39, Banks* vs. *Trudau.*

But the appellant urges, that this contract must be as binding on the wife, as if she was named vendee in the act of sale of the property for which the note was given. " Because whether the act of sale be made to the husband alone, or to the wife, or to them jointly, the effect is the same if it results to their common benefit."

It is true the benefits of a purchase made by the husband may be shared by the wife, but it is not true that she becomes the owner of the property, for he may sell it, exchange it, or even give it away without her consent. Had her name been inserted in the act of sale she would have held the one half of the land in her own right. It could not have been alienated without her consent, and without the pursuance of those formalities which the law has established for her protection. There is no ground for assimilating the two contracts, and we are quite clear, that the agreement entered into in this case did not bind the wife.

The appellant however, insists that though this note might not have been good in the

SPRIGG
*vs.*
BOISSIER &
WIFE.

hands of the payee, yet that in those of an endorsee for a valuable consideration, the wife cannot resist the payment. This doctrine if sanctioned by the court, would certainly afford a safe and compendious way, of evading the whole of our laws for the protection of married women. In support of this position he has relied on that part of our mercantile law which prevents the *consideration* of a note being gone into in an action by the endorsee, and has referred us to several cases where it has been held, that unless the illegal consideration was such as made the contract void, the maker could not resist the payment. This is true when the objection arises from the *consideration*, but when it is derived from the incapacity to contract, then that, which had not a binding effect when it was made, cannot acquire it by endorsement. Thus by the law merchant, the contract of the infant is only voidable, and yet a note executed by him, cannot be recovered on by the endorsee. Admitting the act by which a married woman becomes surety for her husband to be voidable only, we are unable to distinguish her case from that of an infant at common law. But it is unnecessary to put the case on that

ground, for the law of Toro, so often cited in the court, declares that the engagement of the married woman, by which she became surety for her husband, shall be of no effect, unless it is proved to have been beneficial to her. *No queda obligada, a menos que se prueba haberse convertido la deuda en su provecho.*

It is therefore, ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

*King* & *Markham* for the plaintiff. *Todd* and *Simon* for the defendants.